IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: LORI ANN DIFABIO<br>*Debtor* | MISCELLANEOUS ACTION<br>NO. 21-0057 |

**PAPPERT, J.**                                                                                                               August 30, 2021

**MEMORANDUM**

On May 18, 2021, after a default judgment was entered against her in state court, Brooke Holford sued Lori DiFabio – among others – for alleged fraud, libel, slander, negligence, concert of action and intentional infliction of emotional distress. *Holford v. DiFabio* (E.D. Pa. Civ. A. No. 21-2261), ECF 1. Two weeks before that, DiFabio had filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania. *In re Lori Ann DiFabio* (E.D. Pa. Bankr. No. 21-11278). On June 10, DiFabio's bankruptcy counsel filed a Suggestion of Bankruptcy in Holford's pending civil case. *Holford* (No. 21-2261), ECF 4. The Court stayed Holford's civil action against DiFabio consistent with the broad automatic stay required by 11 U.S.C. § 362. *Id.*, ECF 13. On August 3, Holford filed a motion for "Withdrawal of Reference" in DiFabio's bankruptcy proceeding, citing 28 U.S.C. § 157(d). *In re Lori Ann DiFabio* (E.D. Pa. Miscellaneous No. 21-0057), ECF 1. Her motion was transmitted to this Court consistent with the local rules of bankruptcy Procedure. E.D. Pa. Bankr. Loc. R. 5011-1(d).

District courts may refer Chapter 11 cases and proceedings arising in or related to Chapter 11 cases "to the bankruptcy judges for the district." 28 U.S.C. § 157(a). In this District, "any and all" bankruptcy cases are referred to the bankruptcy court under

1

the July 23, 1984 Eastern District of Pennsylvania Bankruptcy Administrative Order, as amended on November 8, 1990.[1] Cases referred to the bankruptcy court under the Administrative Order may be withdrawn on the district court's "own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Referred proceedings must be withdrawn from the bankruptcy court "on timely motion of a party" if their resolution requires consideration of both "laws of the United States regulating organizations or activities affecting interstate commerce" and Chapter 11 of the Bankruptcy Code. *Id.* Section 157(d) does not provide an avenue for a non-party to move to withdraw a reference to the bankruptcy court.

Nevertheless, Holford asks the Court to withdraw "the reference pertaining to [her] personal injury claims against [DiFabio] so that the District Court may hear and decide all matters pertaining to" the *Holford* action. *In re: DiFabio,* ECF 1, ¶ 5. Because no case in which Holford is a party has been referred to the bankruptcy court, there is no referral for this Court to withdraw. The automatic stay entered in the *Holford* action did not trigger a referral of that case to the bankruptcy court. Although it is stayed against DiFabio, it remains pending in the district court. And Holford is not a party to DiFabio's Chapter 11 case in the bankruptcy court. Even if Holford might ultimately have a claim against DiFabio in bankruptcy as a creditor, something the Court does not here decide, she has not shown how any such claim would provide cause for withdrawing the reference of DiFabio's bankruptcy proceeding to the bankruptcy court.

---

[1] Copies of relevant orders are available at https://www.paeb.uscourts.gov/sites/paeb/files/Bankruptcy%20Administration_725.pdf (1984 Order) and https://www.paeb.uscourts.gov/sites/paeb/files/Bankruptcy%20Administration%20_118.pdf (1990 Order) (both last visited Aug. 26, 2021).)

The proper procedural vehicle for the relief Holford seeks is a motion for relief from the automatic stay under 11 U.S.C. § 362(d)(1). She filed such a motion in the bankruptcy court on July 12, 2021. *See In re: DiFabio*, ECF 2-5, at 9 (Docket Entry 76). A bankruptcy court hearing on her motion is currently scheduled for September 17. *In re: DiFabio* (Docket Entries 117 and 118).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.